UNITED STATES of America

v.

James HENDERSON a/k/a
Coty Youngblood.

Cr. No. 83–158.

United States District Court,
W.D. Pennsylvania.

March 7, 1984.

Timothy K. Lewis, Asst. U.S. Atty., Pittsburgh, Pa., for plaintiff.

George E. Schumacher, Federal Public Defender, Pittsburgh, Pa., for defendant.

## MEMORANDUM

MARSH, District Judge.

The defendant, James Henderson, a/k/a Coty Youngblood, was arrested by Officer Donald R. Wilson, of the Pittsburgh City Police, on June 5, 1983. Pursuant to that arrest, the defendant was charged with possessing a sawed-off shotgun, a violation of 18 Pa. C.S.A. § 908(c); and with being a convicted felon possessing a weapon, a violation of 18 Pa. C.S.A. § 6105.

The defendant was processed through the Pennsylvania Court System, Court of Common Pleas of Allegheny County, on those charges. A defense counsel was appointed for him. A preliminary hearing was held. There was an arraignment. Pretrial motions were filed with the court by defense counsel. The case was assigned to a judge for trial. The state charges against Mr. Henderson were dismissed on October 13, 1983, after a federal indictment was returned against him.

The federal indictment charges the defendant with violating 18 U.S.C.

**1038**

§ 1202(a)(1), Appendix, that is, the willful and knowing possession of a firearm by a person convicted of a crime punishable by a term of imprisonment exceeding one year; and with violating 26 U.S.C. § 5861(d): that is, the possession of a firearm with a barrel length of less than 18 inches, which was not registered to him in the National Firearms Registration and Transfer Record.

The defendant claims the federal indictment constitutes vindictive and selective prosecution and prosecutorial misconduct in light of similar charges having been made by the Commonwealth of Pennsylvania.

The President of the United States has directed that the federal government should become involved in the prosecution of individuals who possess a significant history of violent crime. The United States Attorney's Office for the Western District of Pennsylvania and the District Attorney's Office for the County of Allegheny held discussions concerning the transfer of cases arising in the state court system to the federal government for prosecution when appropriate. The focus of these discussions fell upon cases including convicted felons charged with possessing firearms.[1]

The defendant, James Henderson, was convicted on December 11, 1981, of voluntary manslaughter. The defendant is accused here of possessing a sawed-off shotgun, an act which violates the laws of the Commonwealth of Pennsylvania *and* the laws of the United States.

■■■ A prosecution for the violation of a criminal law is presumed to be undertaken in good faith. *United States v. Ojala,* 544 F.2d 940 (8th Cir.1976); *United States v. Falk,* 479 F.2d 616 (7th Cir.1973). The burden to establish a *prima facie* case of impermissible selective prosecution is on the defendant, Mr. Henderson. *United*

*States v. Berrigan,* 482 F.2d 171, 177 (3d Cir.1973); *United States v. Malinowski,* 472 F.2d 850 (3d Cir.1973). The government has the discretion of deciding whom it will prosecute. The courts, because of the doctrine of separation of powers, do not freely interfere with the process. *United States v. Johnson,* 577 F.2d 1304, 1307. For a defendant to support his claim of impermissible selective prosecution, he must satisfy the two part test set forth in *United States v. Berrios,* 501 F.2d 1207, 1211 (2d Cir.1974):

"To support a defense of selective or discretionary prosecution, a defendant bears the heavy burden of establishing, at least *prima facie,* (1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights...."

The defendant, James Henderson, has shown no other persons in the same situation as he is and who have not been prosecuted. Nor has he shown that his prosecution has been based upon his race, religion, or the desire to prevent his exercise of constitutional rights. Therefore, the claim of selective prosecution made by the defendant is without merit.

■■■ The offices of the District Attorney of Allegheny County and the United States Attorney for the Western District of Pennsylvania are separate, distinct, independent, and representative of two (2) sovereign governments. Each office is entirely free to prosecute individuals who violate statutes and laws of the respective govern-

---

1. The testimony by Chief Deputy District Attorney of Allegheny County, Robert Vincler, as to the transfer of cases from the Court of Common Pleas to the United States District Court for the Western District of Pennsylvania appears in the Transcript of Proceedings dated December 5, 1983 in the case of *United States v. Nash,* 583

F.Supp. 722 (1984), as incorporated with court approval in this case by motion of counsel for defendant at p. 13 and as stipulated by counsel for the United States at the same page. Mr. Vincler's testimony appears at pp. 3 through 11 inclusive of said transcript.

ments. "Vindictive prosecution is generally found where the government has occasion to *reindict* or retry a defendant after the exercise of a procedural right." (Emphasis added.) *United States v. Burt*, 619 F.2d 831, 836 (9th Cir.1980) citing *United States v. Rosales-Lopez*, 617 F.2d 1349 (9th Cir.1980). Mr. Henderson was indicted *only once* by each sovereign (Pennsylvania uses the information to bring charges against an individual, which serves the same purpose as an indictment.) Mr. Henderson has exercised *no* procedural rights in this matter, so no vindictiveness can be inferred. Similarly, the United States has *not* charged him with a more serious crime than previously charged by the *United States*.

Here, as in *Burt, supra* at 837, the state filed the initial charges against the defendant. Afterwards, the United States filed charges. "All cases where vindictive prosecution has been found involved the decision of a *single prosecutor's office to attempt to reindict or retry a defendant*." (Emphasis in the original and added.) See *United States v. Groves*, 571 F.2d 450 (9th Cir.1978); *United States v. DeMarco*, 550 F.2d 1224 (9th Cir.1977); *United States v. Ruesga-Martinez*, 534 F.2d 1367 (9th Cir. 1976).

■ That Mr. Henderson has been charged by two (2) governments with a violation of the laws and/or statutes of each is not enough to dismiss the federal indictment. Indeed, the charges against him by the Commonwealth were dismissed upon the indictment by the United States. It has also been held "... Federal prosecution is not barred by prior state prosecution of [the] same person for [the] same acts." *Abbate v. United States*, 359 U.S. 187, 194, 79 S.Ct. 666, 670, 3 L.Ed.2d 729 (1959); *United States v. Lanza*, 260 U.S. 377, 382, 43 S.Ct. 141, 142, 67 L.Ed. 314; *U.S. v. Salano*, 605 F.2d 1141 at 1143 (9th Cir. 1979); *United States v. Burt*, 619 F.2d 831 at 837 (9th Cir.1980).

It is the general policy of the federal government "that several offenses arising out of a single transaction should be al-leged and tried together and should not be made the basis of multiple prosecutions...." *Petite v. United States*, 361 U.S. 529, 530, 80 S.Ct. 450, 451, 4 L.Ed.2d 490 (1960). This has been done with defendant, James Henderson. There are no multiple prosecutions by the same sovereign. There were two prosecutions, of which one, that by the Commonwealth of Pennsylvania, has been dismissed.

■ The rulings in *Abbate v. United States*, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959) and *United States v. Lanza*, 260 U.S. 377, 43 S.Ct. 141, 67 L.Ed. 314 (1922) do not prohibit a federal prosecution following a prior state conviction of a defendant for the same act. It follows that when two sovereigns prosecuting a person, and one sovereign foregoes its prosecution, the second sovereign, here the United States, is not compelled to forego its prosecution of that person.

We find no vindictive or selective prosecution in this matter. We likewise find there has been no prosecutorial misconduct by the Office of the United States Attorney in returning an indictment against the defendant, James Henderson, for the alleged act which violates the laws and statutes of the United States. Defendant's motion to dismiss will be denied.