UNITED STATES of America

v.

Gregory NASH.

Cr. No. 83–159.

United States District Court,
W.D. Pennsylvania.

March 8, 1984.

Timothy K. Lewis, Asst. U.S. Atty., Pittsburgh, Pa., for U.S.

George E. Schumacher, Federal Public Defender, Pittsburgh, Pa., for Nash.

## MEMORANDUM

MARSH, District Judge.

This matter is before the court on the defendant's motion to suppress physical evidence and motion to dismiss indictment

---

filed on November 14, 1983. Said motions were the subject of two hearings held on December 5, 1983 and February 1, 1984. Proposed findings of fact and conclusions of law have been submitted by the parties.

On July 21, 1983, the defendant, Gregory Nash, was arrested and charged with possession of a fire arm by a convicted felon. A complaint was filed by Allegheny County Police who charged him with possession of a firearm by a convicted felon. He was committed to the Allegheny County Jail and the case was scheduled before Judge Gerald Bigley of the Court of Common Pleas of Allegheny County.

The defendant was indicted by a Federal grand jury on October 13, 1983 and charged with the same offense.[1]

The State charges were nol-prossed on October 13, 1983.

The defendant also moved that the indictment should be dismissed for prosecutorial misconduct and vindictive and selective prosecution in violation of his constitutional rights.

Both motions will be denied.

### Motion to Suppress

On July 21, 1983, the defendant Nash was a passenger in a Cadillac car driven by Rickey Russo. The car was owned by William Grace who was a Pennsylvania resident. An Ohio registration plate was on the car. The side windows were blackened by nontransparent material in violation of 75 Pa.C.S.A. § 4524(b), and various objects were hanging on the rear view mirror in violation of 75 Pa.C.S.A. § 4524(c).

Detective James J. Malloy and James L. Hayes and Officer Trosky stopped the car about 11:00 in the morning on July 21, 1983. They observed two men. Mr. Nash was in the passenger seat. He was observed to bend down toward the floor. He opened the car door and Officer Malloy looked in and saw the "grip and hammer" of a handgun[2] on the floor. He pulled Nash out and retrieved the gun. Citations were issued for the blacked-out windows and obstructed windshield. The summary offenses were never adjudicated.

Russo and Nash were both arrested.

Russo was not charged with possession of the revolver since he did not have a prior felony conviction.

The testimony of Mr. Nash that a plea bargain had been entered into by him and the Allegheny County District Attorney's Office was refuted by Robert Vincler, a Chief Trial Deputy in the District Attorney's Office of Allegheny County. We accept the Deputy District Attorney's testimony.

■ Under the facts and circumstances of the above-described arrest and seizure, it is our opinion that the defendant's constitutional rights were not violated by the arresting officers who saw him place something on the floor of the car which turned out to be a revolver. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). The revolver, or at least a part thereof, was in "plain view."

■ In *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), the Supreme Court set forth a rule on the permissible extent of a search incident to the arrest of a person in an automobile. In the case at hand, there can be no question that the arrest was based on probable cause in light of the violations of the Pennsylvania Vehicle Code set forth above.

In *Belton, supra*, an automobile in which defendant was a passenger was stopped by a New York State policeman for travelling at an excessive rate of speed. The police officer, in determining none of the four occupants owned the car, smelled burnt

---

**1.** Title 18 U.S.C. § 1202(a)(1) Appendix, which provides in its pertinent part as follows:

"Any person who—(1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony ... and who receives, *possesses,* or transports in commerce or affecting commerce ... any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both." (Emphasis supplied.)

**2.** A 32 caliber H & R Revolver.

marihuana and viewed an envelope suspected of containing marihuana which was on the floor of the car. The occupants were directed to exit the car and the policeman arrested them for possession of marihuana. Each occupant was searched and the passenger compartment of the vehicle was searched. A jacket which belonged to Belton was found in the passenger compartment. On unzipping one of the pockets of said jacket, the policeman discovered cocaine. Belton was subsequently indicted for possession of a controlled substance. The trial court denied Belton's motion to suppress the cocaine and the Appellate Division of the New York Supreme Court upheld the decision of the trial court. The New York Court of Appeals reversed.

On *certiorari* to the Supreme Court of the United States, Justice Stewart in an opinion upholding the arrest and seizure stated:

> "It is a first principle of Fourth Amendment jurisprudence that the police may not conduct a search unless they first convince a neutral magistrate that there is probable cause to do so. This Court has recognized, however, that 'the exigencies of the situation' may sometimes make exemption from the warrant requirement 'imperative.' *McDonald v. United States,* 335 U.S. 451, 456 [69 S.Ct. 191, 193, 93 L.Ed. 153]. Specifically, the Court held in *Chimel v. California,* 395 U.S. 752 [89 S.Ct. 2034, 23 L.Ed.2d 685] that a lawful custodial arrest creates a situation which justifies the contemporaneous search without a warrant of the person arrested and of the immediately surrounding area. Such searches have long been considered valid because of the need 'to remove any weapons that [the arrestee] might seek to use in order to resist arrest or effect his escape' and the need to prevent the concealment or destruction of evidence. *Id.,* at 763 [89 S.Ct. at 2040.]"

*Belton, supra,* at p. 457, 101 S.Ct. at p. 2862.

We wholeheartedly agree with the analysis in *Belton* and, accordingly, will enter an order denying the defendant's motion to suppress in this case.

*Motion to Dismiss Indictment*

As was stated above, defendant, Gregory Nash, has also filed a motion to dismiss indictment based on selective and vindictive prosecution and prosecutorial misconduct. This matter has been addressed in a memorandum opinion of this court in a similar case involving a similar charge.[3]

We incorporate by reference said opinion. We find no prosecutorial misconduct or vindictive or selective prosecution.

An appropriate order will be entered denying the defendant's motion to dismiss indictment.

---

**3.** See this court's memorandum opinion in *United States v. Henderson,* 584 F.Supp. 1037 (D.C. Pa.1984).