657 A.2d 507

**COMMONWEALTH of Pennsylvania**

v.

**Van WELLS, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 24, 1995.

Filed March 15, 1995.

Reargument Denied May 18, 1995.

274

Jay Meyers, Philadelphia, for appellant.

Jonathan W. Hugg, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before WIEAND, OLSZEWSKI, and HOFFMAN, JJ.

OLSZEWSKI, Judge:

On October 3, 1993, at around 10:00 a.m., the Philadelphia Police Department received a call that a woman had been abducted off of the streets of West Philadelphia and spirited away in a dark brown or burgundy Ford or Chevrolet. N.T. 2/2/94 at 9. Within two to four minutes of receiving the call, two police officers in a van observed a vehicle fitting the description approximately one-half mile from the site of the alleged abduction. *Id.* at 10–11. The police pulled over the vehicle. Inside was a male driver and a male passenger, but no woman. *Id.* at 12. Believing that if this were the car in question, the occupants would have had time to secrete the woman, the police continued their investigation by ordering the driver out of the vehicle. *Id.* at 45. Police Officer Shawn Wilson patted down the driver, appellant Van Wells. After the pat-down search, Officer Wilson looked down onto the front seat of appellant's vehicle. As the car door was still open, Officer Wilson had a clear view of the driver's-side area. *Id.* at 14. On the front seat where Wells had been sitting only moments earlier, Officer Wilson observed a plastic supermarket bag. *Id.* The officer could see orange-tinted packets and a ziplock bag containing a white chunky substance inside the bag. Amended opinion 8/9/94 at 4. Upon further inspection, Officer Wilson also discovered in the bag fifty unused clear vials. N.T. 2/2/94 at 19. Wells was arrested, tried, and convicted of violating the Controlled Substance, Drug, Device

and Cosmetic Act (Drug Act), 35 P.S. §§ 780–113(a)(16) and (a)(30).

Appellant raises thirteen issues on appeal. The trial court correctly and succinctly restated the issues to be whether: (1) the suppression court was incorrect in holding that the evidence gained from the search of the bag is admissible; (2) the evidence was insufficient to support a conviction, beyond a reasonable doubt, of possession of a controlled substance with intent to deliver; (3) appellant was a victim of selective prosecution; and (4) the sentence was excessive. Amended opinion 8/9/94 at 3.

■ In our review of a ruling of a suppression court, we determine whether the factual findings are supported by the record. *Commonwealth v. Kilgore*, 437 Pa.Super. 491, 495, 650 A.2d 462, 464 (1994). When appellant is the defendant, we consider the prosecution's evidence and only so much of appellant's evidence as remains uncontradicted. *Id.* We will reverse only when the ensuing legal conclusions are erroneous. *Id.*

■ "In order for a stop to be reasonable under the Fourth Amendment of the United States Constitution, the police must have articulable and reasonable grounds to suspect, or probable cause to believe, that criminal activity may be afoot." *Commonwealth v. Lopez*, 415 Pa.Super. 252, 258–59, 609 A.2d 177, 180 (citations omitted), *allocatur denied*, 533 Pa. 598, 617 A.2d 1273 (1992). In this case, the match between the suspect car and appellant's vehicle, as well as the proximity of the latter to the time and location of the abduction, gave the police reasonable grounds to suspect criminal activity. Under these circumstances, the stop of the vehicle was warranted. *See Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Commonwealth v. Brown*, 388 Pa.Super. 187, 565 A.2d 177 (1989).

In addition, the warrantless search of the vehicle and seizure of the bag was valid under the plain view doctrine. *See Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564, *rehearing denied*, 404 U.S. 874, 92 S.Ct. 26, 30

L.Ed.2d 120 (1971). Under the plain view doctrine, evidence can be seized without a warrant when:

(1) the initial intrusion is lawful—the officer does not violate the Fourth Amendment in arriving at the place from which the evidence is lawfully viewed;

(2) the incriminating character of the object is immediately apparent; and

(3) the officer has a lawful right of access to the object.

*Commonwealth v. Grimes,* 436 Pa.Super. 535, 542, 648 A.2d 538, 542 (1994) (citations and footnote omitted).[1]

■ Here, we have already established that the stop of the vehicle was proper. The officer looked into the vehicle and casually observed the supermarket bag on the seat where appellant had only recently been sitting. This observation was possible because appellant had left the door of the car open. In that bag the officer noticed packets containing white powder believed to be cocaine. We believe that this observation justified a search and seizure of the bag.

■ Next, appellant argues that the evidence was insufficient to sustain a guilty verdict. Our standard of review of such claims is as follows:

1. We note that this standard, under which the plain view exception to a warrantless search is applicable, eliminates the requirement that the initial observation of the contraband be unintended. *Grimes,* 436 Pa.Super. at 542 n. 2, 648 A.2d at 542 n. 2. The standard enunciated in *Grimes* adopted the requirements for the plain view doctrine laid out in *Commonwealth v. McCullum,* 529 Pa. 117, 132, 602 A.2d 313, 320 (1992). *McCullum,* in turn, cited with approval the plain view doctrine as articulated in *Horton v. California,* 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990), which eliminated the inadvertence requirement. *Id.*

*Grimes* also cited, as further authority for this new standard, *Commonwealth v. Parker,* 422 Pa.Super. 393, 619 A.2d 735 (1993). *Parker,* however, continued to espouse the old requirement that the "observation of the item must be inadvertent." *Id.* at 402, 619 A.2d at 739 (citations omitted). In view of our positions in *Grimes,* as well as in *Commonwealth v. Hendrix,* 426 Pa.Super. 616, 622, 627 A.2d 1224, 1227 (1993) (deleting the inadvertence requirement from the plain view exception), we accede that the " 'inadvertence' requirement [is] unnecessary to insure the protection of Fourth Amendment rights." *Id.*

> The test to be applied is whether, viewing all of the evidence in the light most favorable to the Commonwealth as verdict winner, and drawing all reasonable inferences favorable to the Commonwealth, there is sufficient evidence to enable the trier of fact to find every element of the crime beyond a reasonable doubt.

*Commonwealth v. Davis,* 437 Pa.Super. 471, 475, 650 A.2d 452, 454 (1994) (quoting *Commonwealth v. Smith,* 523 Pa. 577, 568 A.2d 600 (1989)). Appellant argues that testimony that he possessed the drugs with an intent to deliver was "so evasive and unclear as to not make it worthy of belief." Appellant's brief at 13. His sufficiency of the evidence claim must fail for two reasons. First, we "must honor and recognize the right and obligation of the trier of fact to believe all, part or none of the evidence." *Commonwealth v. Griscavage,* 512 Pa. 540, 546, 517 A.2d 1256, 1259 (1986). Second, any challenges to the credibility of witnesses are more properly addressed with weight of the evidence challenges, and not with a remonstration of the sufficiency of the evidence. *Commonwealth v. Pirela,* 398 Pa.Super. 76, 83, 580 A.2d 848, 852 (1990), *allocatur denied,* 527 Pa. 672, 594 A.2d 658 (1991).[2]

Next, we turn to the issue of selective prosecution. Appellant claims that he was impermissibly selected for prosecution, given that the passenger, Leonard Davis, was never charged with committing any offenses. It is appellant's burden to establish a *prima facie* case of selective prosecution. *United States v. Henderson,* 584 F.Supp. 1037 (D.C.Pa.), *appeal dismissed,* 751 F.2d 377 (3rd Cir.1984). Because of the doctrine of separation of powers, we will not lightly interfere

**2.** Appellant raises various other claims that, in effect, challenge the sufficiency of the evidence. All ultimately rest on appellant's impugning the credibility of in-court police testimony. Even if we were to look at a weight of the evidence claim, we review the decision not to grant a new trial upon an abuse of discretion standard. *Commonwealth v. Pirela,* 398 Pa.Super. 76, 83–84, 580 A.2d 848, 852 (1990). We will remand only when the record indicates that the evidence is so contrary to the verdict as to shock our sense of justice. *See Commonwealth v. Brown,* 538 Pa. 410, 435, 648 A.2d 1177, 1189 (1994). There is nothing in the record in the instant case that comes close to shocking our sense of justice.

with an executive's decision of whom she will prosecute. *Id.,* 584 F.Supp. at 1038. Prosecutorial discretion in deciding which cases should be moved forward is not unfettered, however, but is subject to constitutional constraints. *United States v. Batchelder,* 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979). To make out a case of selective prosecution, appellant must establish, at minimum, that: (1) he has been singled out for prosecution even though others similarly situated have not generally been proceeded against, despite having engaged in conduct akin to that of which appellant is accused, and (2) he has been selected for prosecution as the result of "such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights." *Henderson,* 584 F.Supp. at 1038 (citing *United States v. Berrios,* 501 F.2d 1207, 1211 (2d Cir.1974)). "Unequal application of the criminal laws alone does not amount to a constitutional violation. *United States v. Torquato,* 602 F.2d 564, 568 (3rd Cir.1979)." *United States v. Cinemette Corp. of America,* 687 F.Supp. 976, 983 (W.D.Pa.1988).

■ In this case, both appellant and Davis are African–American. N.T. 2/2/94 at 33. We find no impermissible factors that engendered the prosecution of the former and the discharge of the latter. We agree with the trial court in finding that:

> The Defendant ignores the fact that he was the owner and operator of the vehicle in which the drugs were found. He also neglects to consider that the open shopping bag with the drugs were located on the driver's seat.... The reasonable inference from these facts is that the Defendant had just been sitting on the shopping bag and that it and the drugs belonged to him.
>
> Moreover, the police released the passenger only after both men were detained, taken into custody, and at least the passenger, if not both men, strip searched. Not finding any incriminating evidence on the passenger, it was at that point that the Commonwealth exercised its prosecutorial discretion and charged only the Defendant with the drug violations. It is reasonable for the trial court to infer that the

Commonwealth was of the opinion that the evidence warranted charging only the Defendant with the possession of the narcotics.

Amended opinion 8/9/94 at 14.

■ Finally, we address appellant's claim that the sentence was too severe. The Honorable Nitza I. Quinones Alejandro imposed a sentence of one to two years in prison and a fine of five thousand dollars, with court costs. *Id.* at 2. Given that the sentence imposed is the statutorily mandated minimum under 18 Pa.C.S.A. § 7508(a)(3)(i), appellant's sentence cannot be considered to be too severe.[3]

■ Appellant nevertheless maintains that this sentence is too severe in light of his history, family life, and the fact that he poses no threat to the community. A review of the discretionary aspects of sentence is not a matter of right, but will only be entertained where this court is convinced that a substantial question exists that the sentence imposed is not appropriate under the Sentence Code. *Commonwealth v. Urrutia,* 439 Pa.Super. 227, 236–237, 653 A.2d 706, 710–11 (1995). "An allegation that a sentencing court 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate. *Commonwealth v. McKiel,* 427 Pa.Super. 561, 629 A.2d 1012 (1993); *Commonwealth v. Williams,* 386 Pa.Super. 322, 562 A.2d 1385 (1989) (*en banc* )." *Id.*

Appellant has not raised any claim upon which relief can be granted. Accordingly, judgment of sentence is affirmed.

---

**3.** Appellant argues that he really should have been charged with mere possession, and not intent to deliver a controlled substance. This is really a sufficiency of the evidence claim that appellant fails to support. Undeveloped claims are deemed waived. *See Ibn–Sadiika v. Riester,* 380 Pa.Super. 397, 401–02, 551 A.2d 1112, 1114 (1988). Similarly, appellant's attack on the judiciousness of mandatory sentence statutes is equally undeveloped, cites to no authority, and is deemed waived.