**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Kirk OLAVAGE, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 5, 2005.

Filed March 2, 2006.

Charles D. Jonas, Public Defender, Doylestown, for appellant.

Thomas M. Joachim, Asst. Dist. Atty., Doylestown, for Com., appellee.

BEFORE: DEL SOLE, P.J., STEVENS, and McCAFFERY, JJ.

OPINION BY McCAFFERY, J.

¶ 1 Appellant, Kirk Olavage, appeals from the judgment of sentence imposed following his conviction in the Bucks County Court of Common Pleas on one count of bringing contraband into a prison[2] and one count of possessing contraband in a prison.[3] Specifically, Appellant asks us to determine whether the trial court acted properly in finding that the Commonwealth had not abused its prosecutorial discretion in charging Appellant with bringing contraband into a correctional facility, and whether the trial court acted properly in sentencing Appellant to a mandatory prison term. Having carefully examined the record and considered the relevant statutory and decisional law, we determine both that Appellant failed to establish any abuse of prosecutorial discretion and that the trial court correctly applied the statute according to its plain meaning. Accordingly, we affirm.

¶ 2 The facts of this case are not in controversy. As stipulated by the parties and recited in the trial court opinion:

"On September 11, 2004, at approximately 8:55 p.m., [Appellant], a sentenced prisoner, returned to the Men's Community Correctional Center from his work-release assignment. Lieutenant Curt DiFurio conducted a routine search and noticed a plastic package taped to [Appellant's] upper left leg. After a brief struggle, the package was recovered. The contents of the package were analyzed and tested for Methamphetamine, a Schedule II drug. The weight was 1.47 grams."

(Trial Court Opinion, dated Aug. 2, 2005, at 1) (internal citations omitted). The Bucks County District Attorney's Office charged Appellant with one count each of 18 Pa.C.S.A. § 5123(a), bringing contraband into a prison, and 18 Pa.C.S.A. § 5123(a.2), inmate possessing contraband. The prosecutor also filed a motion indicating it would seek the mandatory minimum sentence for the charge of bringing contraband into a prison, pursuant to 18 Pa. C.S.A. § 5123(a.1). Appellant was convicted on both counts at a bench trial before the Honorable Rea B. Boylan, and was subsequently sentenced to the mandatory minimum penalty of not less than 2 years' imprisonment. Appellant's motions for post-trial relief were denied, and this timely appeal followed wherein Appellant raises the following four issues for our review:

1. DID THE TRIAL COURT ERR IN RULING THAT IT WAS NOT A VIOLATION OF PROSECUTORIAL DISCRETION TO CHARGE APPELLANT WITH [18 PA.C.S. § 5123(a)] WHEN OTHER SIMILARLY–SITUATED DEFENDANTS WERE NOT CHARGED UNDER THIS STATUTE?

2. DID THE TRIAL COURT ERR IN RULING THAT IT WAS NOT A VIOLATION OF PROSECUTORIAL DISCRETION TO INVOKE THE MANDATORY MINIMUM SENTENCE OF INCARCERATION PER [18 PA.C.S. § 5123(a.1)] WHEN OTHER SIMILARLY–SITUATED DEFENDANTS WERE NOT SUBJECT TO THIS MANDATORY MINIMUM SENTENCE?

3. DID THE TRIAL COURT ERR IN RULING THAT APPELLANT'S ACTIONS WERE NOT A "DE MINIMIS" VIOLATION OF 18 PA.C.S [§ 5123(a) ]?

**2.** 18 Pa.C.S.A. § 5123(a).

**3.** 18 Pa.C.S.A. § 5123(a.2).

4. DID THE TRIAL COURT ERR IN RULING THAT IT WAS THE INTENT OF THE LEGISLATURE THAT THE MANDATORY MINIMUM SENTENCING PROVISION OF 18 PA.C.S. [§ 5123(a.1) ] SHOULD APPLY NOT ONLY TO THOSE WHO DELIVER A CONTROLLED SUBSTANCE TO AN INMATE, BUT ALSO TO THOSE WHO BRING A CONTROLLED SUBSTANCE INTO A PRISON?

(Appellant's Brief at 4–5).[4]

 ¶ 3 In his first and second issues, Appellant claims the Commonwealth abused its prosecutorial discretion in charging Appellant with bringing contraband into a prison, and in seeking the mandatory minimum sentence for that offense. Because this Court respects the separation of powers doctrine, we will not lightly interfere with executive branch decisions regarding prosecution. *Commonwealth v. Wells*, 441 Pa.Super. 272, 657 A.2d 507, 510 (1995); *see also United States v. Henderson*, 584 F.Supp. 1037, 1038 (W.D.Pa.1984). As such, we review the Commonwealth's discretionary decisions solely in light of the Constitution's protections against selective prosecution. *Wells, supra* at 510.

 ¶ 4 To establish selective prosecution, an appellant has the burden of satisfying the two-pronged test set forth by the Pennsylvania Supreme Court in *Commonwealth v. Mulholland*, 549 Pa. 634, 702 A.2d 1027 (1997). An appellant must demonstrate "first, [that] others similarly situated were not prosecuted for similar conduct, and, second, the Commonwealth's

discriminatory selection of [him] for prosecution was based on impermissible grounds such as race, religion, the exercise of some constitutional right, or any other such arbitrary classification." *Id.* at 649, 702 A.2d at 1034 (citing *Wayte v. United States*, 470 U.S. 598, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985)).

¶ 5 In the case *sub judice*, Appellant has not satisfied this test. In his brief, he points to evidence of several individuals who appear to have engaged in the same conduct as he did, yet they were not charged with a violation of 18 Pa.C.S.A. § 5123(a). Appellant also sets forth instances where an individual was charged with violating § 5123(a), but the Commonwealth did not seek the mandatory minimum sentence. However, he has not established that the individuals he references were similarly situated to Appellant, beyond the mere fact of having committed the same crime. Even accepting, *arguendo*, that the individuals were similarly situated, Appellant has wholly failed to identify (or even suggest) any impermissible grounds for the difference in treatment.[5]

 ¶ 6 Appellant argues that even without establishing selective prosecution, the highlighted disparities entitle him to relief. We disagree. As this Court has stated, "[u]nequal application of the criminal laws alone does not amount to a constitutional violation." *Wells*, 657 A.2d at 510 (quoting *United States v. Torquato*, 602 F.2d 564, 568 (3d Cir.1979)). Thus, we find Appellant's argument to be without merit. In light of the above discussion, we find no error in the trial court's decision as to Appellant's first and second issues.

---

4. We have reordered Appellant's questions for ease of disposition.

5. Moreover, despite Appellant's failure to meet his burden, the Commonwealth offered non-arbitrary explanations for several of its

prosecutorial decisions in the cases relied upon by Appellant, *e.g.* the decision not to invoke a mandatory sentence in order to secure favorable testimony from a witness. *See* Notes of Testimony, 3/7/05, at 24–25.

¶ 7 We next turn to Appellant's argument that his conduct constitutes a *de minimis* violation of § 5123(a). We review a trial court's failure to characterize Appellant's conduct as *de minimis* for an abuse of discretion. *Commonwealth v. Lutes*, 793 A.2d 949, 963 (Pa.Super.2002). In *Commonwealth v. Williams*, 525 Pa. 216, 579 A.2d 869 (1990), our Supreme Court noted the possibility that a charge of possessing contraband in a prison could be dismissed as *de minimis* upon a finding that the possession was in good faith and without intent to distribute. *Id.* at 221, 579 A.2d at 871. The Court posited that a prison visitor who has on his person a prescription medication may commit an act which, while technically a violation of § 5123(a), is a *de minimis* infraction. We sincerely doubt, however, that the Pennsylvania Supreme Court intended to include in this good faith, *de minimis* exception a work-release prisoner who had strapped a cache of illegal methamphetamine to his inner thigh.[6] In sum, we conclude that the trial court did not abuse its discretion when it declined to hold Appellant's actions a *de minimis* violation of § 5123(a).

¶ 8 Finally, we turn to Appellant's claim that the trial court erred in sentencing him to the mandatory minimum under § 5123(a.1). Appellant argues that it was not the intent of the Legislature for the mandatory minimum sentence to apply to a § 5123(a) conviction based upon bringing contraband into a prison. We disagree.

¶ 9 As the Legislature has mandated in the Crimes Code itself, "[t]he provisions of [the code] shall be construed according to the fair import of their terms...." 18 Pa.C.S.A. § 105. After thus directing our interpretation, the Legislature then provided in § 5123(a.1) that:

> **(a.1) Mandatory minimum penalty.—** Any person convicted of a violation of subsection (a) shall be sentenced to a minimum sentence of at least two years of total confinement, notwithstanding any other provision of this title or any other statute to the contrary.... There shall be no authority in any court to impose on an offender to which this subsection is applicable any lesser sentence than provided for in subsection (a) or to place such offender on probation or to suspend sentence.

18 Pa.C.S.A. § 5123(a.1). In light of these two sections, we cannot reach any conclusion but that it was the Legislature's intent for the mandatory minimum to apply to any and all convictions based upon violation of § 5123(a). As a result, we determine that Appellant's fourth issue is without merit.

¶ 10 Based upon our consideration of Appellant's issues on appeal and upon our conclusion that none warrant the award of appellate relief, we affirm the judgment of sentence.

¶ 11 Judgment of sentence affirmed.

6. Additionally, the language Appellant relies on in *Williams* is dicta and, therefore, not binding on this Court.