J-S68042-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :   IN THE SUPERIOR COURT OF
                              :           PENNSYLVANIA
          Appellee             :
                              :
            v.               :
                              :
EUGENE M. PRATT,             :
                              :
          Appellant       :     No. 511 WDA 2016

Appeal from the Judgment of Sentence March 23, 2016,
in the Court of Common Pleas of Fayette County,
Criminal Division at No(s): CP-26-CR-0001261-2014

BEFORE: SHOGAN, SOLANO, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:       **FILED NOVEMBER 16, 2016**

Eugene M. Pratt (Appellant) appeals from the judgment of sentence entered March 23, 2016, following his conviction for simple assault, terroristic threats, and harassment. Due to the deficiencies in Appellant's brief, we dismiss this appeal.

This case arises from a dispute over the ownership of a cell phone. On July 11, 2014, Appellant, believing his cell phone had been stolen by Ashley Weakland, went to the home where Weakland was staying and confronted her in that home's bathroom. Weakland's friend, Tyler Rockwell, was also present in the bathroom. According to Weakland, Appellant was acting erratically and screaming that he wanted his phone. She then noticed "a knife at the side of [her] neck." N.T., 3/8-9/2016, at 35. The cell phone was sitting on the sink. It then rang, both Appellant and Weakland tried to grab

*Retired Senior Judge assigned to the Superior Court.

it, and these actions resulted in the knife cutting Weakland's hands. Appellant grabbed the phone from Weakland and left the house.

Weakland ran out of the house and called police, who met her at a restaurant near the house. Police spoke with Weakland and Rockwell, and then, upon seeing Appellant, arrested him. Police searched Appellant and found two knives and the cell phone. Police determined that Weakland owned the phone. Appellant was charged with numerous counts arising from this incident.[1] A jury convicted Appellant of one count each of simple assault, terroristic threats, and harassment, and Appellant was sentenced to an aggregate term of 30 to 84 months of incarceration.

Appellant filed a timely notice of appeal. The trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925, and Appellant timely filed a statement.[2]

---

[1] Those charges included three counts of robbery, two counts of simple assault, two counts of terroristic threats, aggravated assault, theft by unlawful taking, receiving stolen property, recklessly endangering another person, and harassment.

[2] Even if we were not to dismiss Appellant's appeal due to the deficiencies in his brief, we would affirm his judgment of sentence on the basis that he has waived any issues for our review because his Pa.R.A.P. 1925 statement failed to preserve them adequately.

> An appellant's concise statement must properly specify the error
> to be addressed on appeal. In other words, the Rule 1925(b)
> statement must be specific enough for the trial court to identify
> and address the issue [an appellant] wishe[s] to raise on appeal.
> [A] [c]oncise [s]tatement which is too vague to allow the court
> to identify the issues raised on appeal is the functional
> equivalent of no [c]oncise [s]tatement at all. The court's review

On appeal, Appellant purports to challenge the sufficiency of the evidence to sustain his convictions for simple assault and terroristic threats. **See** Appellant's Brief at 7. However, Appellant's utter noncompliance with the Rules of Appellate Procedure in developing his argument hampers our review to such a degree that we conclude that dismissal of this appeal is the appropriate remedy. **See** Pa.R.A.P. 2101 (providing that "if the defects are

---

and legal analysis can be fatally impaired when the court has to guess at the issues raised. Thus, if a concise statement is too vague, the court may find waiver.

**Commonwealth v. Hansley**, 24 A.3d 410, 415 (Pa. Super. 2011) (citations and quotation marks omitted).

Instantly, Appellant's Pa.R.A.P. 1925 statement provided the following:

[1.] Whether the evidence was legally and factually insufficient to prove that [Appellant] was guilty of terroristic threats[.]

[2.] Whether the evidence was legally and factually insufficient to prove that [Appellant] was guilty of simple assault[.]

Concise Issue, 4/21/2016.

In concluding that Appellant waived these issues for review, the trial court set forth the following: "Appellant did not state what element or elements he was challenging in his claim for lack of sufficient evidence. Instead, Appellant's statement generally challenged his convictions without more. Thus, Appellant waived his right to contest the sufficiency of the evidence." Trial Court Opinion, 5/19/2016, at 5-6 (some citations omitted).

We have held that a "concise statement [that] raises a sufficiency of the evidence claim by stating that '[t]here was insufficient evidence to sustain the verdict of guilt beyond a reasonable doubt[]' … is too vague to permit review." **Commonwealth v. McCree**, 857 A.2d 188, 192 (Pa. Super. 2004). Appellant's concise statement does just that. Accordingly, we agree with the trial court that Appellant has waived these issues for review.

in the brief … of the appellant … are substantial, the appeal … may be … dismissed"). Among other violations, Appellant's brief contains neither a copy of Appellant's concise statement of errors complained of on appeal as required by Pa.R.A.P. 2111(a)(11) and (d), nor the trial court opinion in violation of Pa.R.A.P. 2111(a), (b).

The most problematic aspect of Appellant's brief, however, is its failure to provide developed arguments in support of the issues Appellant apparently wants this Court to address. **See** Pa.R.A.P. 2119. In his six-page argument, Appellant begins by citing the appropriate standard of review for this Court when considering an argument challenging the sufficiency of the evidence. **See** Appellant's Brief at 10 (stating that we must determine "whether viewing all the evidence admitted at trial in the light most favorable to the Commonwealth and drawing all reasonable inferences favorable to the Commonwealth, there is sufficient evidence to enable the trier of fact to find every element of the crime charged"). Appellant immediately goes on to conclude that the evidence "presented at trial was insufficient to enable to the trier of fact to find every element of the crimes charged beyond a reasonable doubt." **Id**. Over the next five pages, Appellant then repeats the aforementioned language, or some portion of it, no fewer than six times. **Id**. at 11-16.

Moreover, although Appellant mentions the phrases "simple assault" and "terroristic threats" one time each, **id**. at 12, he does not cite to the

statutes for those crimes in violation of Pa.R.A.P. 2119(b). Furthermore, Appellant's brief neither sets forth the elements of the crimes nor contains any argument as to the elements. In addition, there is not a single citation to the notes of testimony from the jury trial in violation of Pa.R.A.P. 2119(c). Accordingly, we could only speculate as to Appellant's claims of error, an exercise in which we will not engage. *See Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (reiterating that "it is an appellant's duty to present arguments that are sufficiently developed for our review," and recognizing that "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant"). Based on the foregoing principles, we conclude Appellant's appeal warrants dismissal.[3]

Appeal dismissed.

---

[3] Even if we did not dismiss Appellant's appeal, or conclude that he had waived his issues due to deficiencies in his 1925(b) statement, we would affirm Appellant's judgment of sentence on the merits. Here, Appellant was convicted of terroristic threats and simple assault. The evidence is sufficient to sustain a conviction for terroristic threats if the Commonwealth proves beyond a reasonable doubt that Appellant "communicates, either directly or indirectly, a threat to … commit any crime of violence with intent to terrorize another." 18 Pa.C.S. § 2706(a)(1). In this case, Weakland testified that Appellant was yelling that "he would kill [Weakland]" during this incident. N.T., 3/8-9/2016, at 36. Rockland testified that Appellant said, "I'm going to cut [Weakland]." *Id*. at 19. Both statements demonstrate that Appellant threatened to commit violence against Weakland. Thus, the evidence is sufficient to sustain Appellant's conviction for terroristic threats. To sustain a conviction for simple assault, the Commonwealth must prove beyond a reasonable doubt that Appellant attempted "by physical menace to put another in fear of imminent serious bodily injury." 18 Pa.C.S. § 2701(a)(3). Here, Weakland testified that Appellant held a knife to her neck. N.T., 3/8-9/2016, at 35. Thus, the evidence was sufficient to sustain Appellant's simple assault conviction.

Judge Shogan joins.

Judge Solano concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/16/2016