J. S52008/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ANDREW SMALLWOOD, | : | No. 726 EDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, February 10, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0013250-2012

BEFORE:  FORD ELLIOTT, P.J.E., STABILE AND STRASSBURGER,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED SEPTEMBER 12, 2016**

Andrew Smallwood appeals from the February 10, 2015 aggregate judgment of sentence of life imprisonment imposed after a jury found him guilty of first-degree murder and possessing instruments of crime ("PIC").[1] After careful review, we affirm.

The underlying facts and procedural history of this case are as follows. On March 15, 2010, appellant entered a negotiated guilty plea to one count of firearms not to be carried without a license[2] in connection with the May 12, 2009 robbery of Malik Martin.  (Notes of testimony, 2/3/15 at

---

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502 and 907, respectively.

[2] 18 Pa.C.S.A. § 6106.

127-128.) Appellant was subsequently sentenced to 9 to 23 months' imprisonment, followed by 24 months' probation, and was released after approximately seven months. (*Id.* at 128-129.)

On the morning of September 16, 2010, appellant shot and killed Martin's best friend, Rasul Gresham. (*Id.* at 130-134, 178-87.) On September 29, 2010, Martin voluntarily appeared at the Philadelphia Homicide Unit and informed Detective George Pirrone that Gresham was having problems with appellant and another man, Anthony Washington, prior to the shooting. (Notes of testimony, 2/5/15 at 162-165.) Thereafter, on April 6, 2011, Martin was shot multiple times in his head and left forearm as he sat in his vehicle. (Notes of testimony, 2/6/15 at 83-90.) Martin subsequently died as a result of his injuries on April 13, 2011. (Notes of testimony, 2/5/15 at 144-150.) Video surveillance from a nearby business captured appellant and Washington hiding behind Martin's vehicle moments before the shooting. (Notes of testimony, 2/6/15 at 96-99.)

Appellant was subsequently arrested and charged with first-degree murder and related offenses in connection with these two homicides. Washington was also charged in connection with the murder of Martin, but was not charged in the murder of Gresham. On December 3, 2013, the Commonwealth filed a motion to consolidate these cases on the basis that both murders stemmed from appellant's robbery of Martin and that each murder was relevant to prove appellant's motive for the other. (Notes of

testimony, 12/6/13 at 4-9, 17-21.) Following a hearing, the trial court granted the Commonwealth's motion on December 9, 2013. Thereafter, on October 13, 2014, Washington's counsel filed a pre-trial motion to sever his case from that of appellant. The trial court granted this motion, in part, on February 3, 2015. As noted, appellant proceeded to a jury trial on the Gresham homicide and was subsequently found guilty of first-degree murder and PIC on February 10, 2015. That same day, the trial court sentenced appellant to an aggregate term of life imprisonment.[3] This timely appeal followed.[4]

On appeal, appellant raises the following issues for our review:

> I. Is [appellant] entitled to a new trial as the result of an erroneous pretrial ruling by the Trial Judge on December 6, 2013, which ruled that hearsay would be admissible even though it violated the confrontation clause?
>
> II. Is [appellant] entitled to a new trial where the Court over defense objection permitted evidence of [appellant's] Guilty Plea to a prior violation of [the Uniform Firearms Act, 18 Pa.C.S.A. § 6106] as it involved a case with [] Martin even though this did not establish motive and was simply inadmissible?
>
> III. Is [appellant] entitled to a new trial as the result of Trial Court error where the Court ruled that if [appellant] took the witness stand, he could be cross-examined as to another

---

[3] The record reflects that on February 11, 2016, appellant pled guilty to third-degree murder and related offenses with respect to the Martin homicide. (**See** No. CP-51-CR-0010299-2011.)

[4] Appellant and the trial court have complied with Pa.R.A.P. 1925.

outstanding homicide case for which he was not currently on trial, all forcing [appellant] to give up his valuable right to testify in his own behalf?

Appellant's brief at 3. For the ease of our discussion, we have elected to address appellant's claims in a slightly different order than presented in his appellate brief.

We begin by addressing appellant's claim that the trial court abused its discretion by permitting the Commonwealth to introduce evidence that he had previously robbed Martin, Gresham's best friend. (*Id.* at 15.) Appellant maintains that this "prior bad act" testimony was inadmissible under Pennsylvania Rule of Evidence 404(b)(1) because there was no logical connection between the robbery of Martin and Gresham's murder. (*Id.* at 16-17.) We disagree.

"[T]he admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." *Commonwealth v. Fransen*, 42 A.3d 1100, 1106 (Pa.Super. 2012), *appeal denied*, 76 A.3d 538 (Pa. 2013) (citation omitted). "An abuse of discretion is not merely an error of judgment; rather discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record." *Commonwealth v. Antidormi*, 84 A.3d 736, 745 (Pa.Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014) (citation omitted).

Generally, "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Pa.R.E. 404(b)(1); *see also Commonwealth v. Weakley*, 972 A.2d 1182, 1189 (Pa.Super. 2009), *appeal denied*, 986 A.2d 150 (Pa. 2009) (stating, "[e]vidence of distinct crimes is not admissible against a defendant being prosecuted for another crime *solely* to show his bad character and his propensity for committing criminal acts.") (citation omitted; emphasis in original). Evidence of prior bad acts may be admissible, however, "when offered to prove some other relevant fact, such as motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident." *Commonwealth v. Ross*, 57 A.3d 85, 98 (Pa.Super. 2012), *appeal denied*, 72 A.3d 603 (Pa. 2013) (citations omitted). Prior bad acts evidence "may also be admissible . . . in situations where the bad acts were part of a chain or sequence of events that formed the history of the case and were part of its natural development." *Commonwealth v. Melendez-Rodriguez*, 856 A.2d 1278, 1283 (Pa.Super. 2004) (citation omitted). "In determining whether evidence of other prior bad acts is admissible, the trial court is obliged to balance the probative value of such evidence against its prejudicial impact." *Ross*, 57 A.3d at 98 (citation omitted).

Upon review, we conclude that the evidence that appellant previously robbed Martin was admissible because it was relevant to establish

appellant's motive for murdering Gresham and was part of the sequence of events that formed the history of this case. The record establishes that on May 12, 2009, appellant robbed Martin at gunpoint. (Notes of testimony, 2/3/15 at 86-95.) Following appellant's subsequent apprehension and arrest, Martin positively identified appellant as the perpetrator and provided the police with a formal statement confirming that fact. (*Id.* at 95-96, 109-113.) In September 2010, seven months after his release from prison in the robbery case, appellant approached Martin's best friend, Gresham, and repeatedly shot him in the head, killing him. (*Id.* at 128-134, 169-191.) Less than two weeks later, Martin voluntarily informed the police that Gresham was having problems with appellant and another man prior to the shooting. (Notes of testimony, 2/5/15 at 162-165.) Thereafter, in April 2011, appellant and an accomplice shot and killed Martin as he sat in his vehicle. (Notes of testimony, 2/6/15 at 82-99.)

This court has repeatedly recognized that "[i]n order for evidence of prior bad acts to be admissible as evidence of motive, the prior bad acts must give sufficient ground to believe that the crime currently being considered grew out of or was in any way caused by the prior set of facts and circumstances." *Commonwealth v. Ferguson*, 107 A.3d 206, 211 (Pa.Super. 2015) (citation and internal quotation marks omitted). Herein, the jury could have reasonably concluded that appellant murdered Gresham in retaliation for Martin's cooperation in the May 2009 robbery case.

Accordingly, we discern no abuse of discretion on the part of the trial court in permitting evidence that appellant robbed Martin to be introduced at trial.

We further note that, at the conclusion of trial, the trial court provided a limiting instruction to the jury with regard to how the evidence of appellant's robbery of Martin should be considered. Specifically, the trial court instructed the jury as follows:

> You have heard evidence tending to prove that [appellant] was charged with the robbery of Malik Martin and the subsequent murder of Malik Martin for which [appellant] is not on trial before you. I am speaking of the evidence you have heard regarding the prior robbery charge for which [appellant] pled guilty to gun possession and the evidence regarding the murder of Malik Martin.
>
> This evidence was before you for a limited purpose, that is, for the purpose of tending to show the motive and intent for the murder of Rasul Gresham and to give you the entire story of the case and the relationships between the parties.
>
> This evidence must not be considered by you in any other way than for the purpose I just stated. You must not regard this evidence as showing that [appellant] is a person of bad character or criminal tendencies from which you might be inclined to infer guilt in this case.

Notes of testimony, 2/10/15 at 28-29.

Courts in this Commonwealth have repeatedly recognized that "when examining the potential for undue prejudice, a cautionary jury instruction may ameliorate the prejudicial effect of the proffered evidence." **Commonwealth v. Hairston**, 84 A.3d 657, 666 (Pa. 2014), **cert. denied**,

- 7 -

135 S.Ct. 164 (2014) (citations omitted); *see also Commonwealth v. Sherwood*, 982 A.2d 483, 497-498 (Pa. 2009), *cert. denied*, 559 U.S. 1111 (2010) (finding that cautionary instructions were sufficient to overcome the prejudicial effect of prior bad acts evidence). Jurors are presumed to follow the trial court's instructions. *Commonwealth v. Elliott*, 80 A.3d 415, 445 (Pa. 2013), *cert. denied*, 135 S.Ct. 50 (2014). Thus, any potential prejudice that may have resulted from the introduction of Martin's robbery at trial was cured by the trial court's limiting instruction to the jury.

We now turn to appellant's claim that the trial court abused its discretion by permitting the Commonwealth to introduce "blatant hearsay" testimony of Gresham's girlfriend, Tianna Woodson. (Appellant's brief at 9.) Specifically, appellant cites several instances in his brief where Woodson testified at trial as to what both Gresham and Martin communicated to her. (*Id.* at 9-10, citing notes of testimony, 2/5/15 at 98, 101.) Appellant also argues that Woodson's testimony that Gresham was having a problem with appellant prior to the shooting should have been deemed inadmissible. (*Id.* at 10-11, citing notes of testimony, 2/5/15 at 103-104.) Upon review, we conclude that appellant has waived these claims.

Hearsay is defined as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Pa.R.E. 801(c). Hearsay is generally

inadmissible at trial unless it falls into an exception to the hearsay rule. *See* Pa.R.E. 802.

In the instant matter, the record reflects that at the beginning of appellant's jury trial, the trial court addressed whether Woodson's statement that Gresham had informed her that he was having problems with appellant could be admitted into evidence. (Notes of testimony, 2/3/15 at 9-16.) Appellant's counsel indicated to the trial court that he had no objection to Woodson's statement being admitted to "show[] a relationship really [sic] between the parties." (*Id.* at 16-17.)

> [Appellant's Counsel]: I don't have a problem with that concept. If that is all they are admitting it for, if they are saying [Woodson] says [Gresham] has a problem with these guys, even though that is hearsay, I don't have a problem with it but what they are trying to do, though, I fear, is bring in all of these other crimes evidence on that tail.
>
> Perhaps the jury could know that [Gresham], who died, did not like [appellant], among others, but that doesn't open the floodgates to allow them to bring in all the evidence of the [Martin] trial that is supposed to happen a year from now.

*Id.* at 17.

Thereafter, during the Commonwealth's case-in-chief, appellant's counsel then reaffirmed that he had "no problem" with the testimony that the Commonwealth would elicit from Woodson. (Notes of testimony, 2/5/15 at 87.) Additionally, appellant's counsel did not object to any of Woodson's testimony that he cites in his brief. (*See* notes of testimony, 2/5/15 at

98-104.) Accordingly, appellant has waived these claims. *See Commonwealth v. Houck*, 102 A.3d 443, 451 (Pa.Super. 2014) (stating, "the failure to make a timely and specific objection before the trial court at the appropriate stage of the proceedings will result in waiver of the issue." (citation omitted)); Pa.R.A.P. 302(a) (stating an issue not raised in the trial court is considered waived for purposes of appellate review).

Additionally, we note that appellant failed to raise the aforementioned hearsay claims with specificity in his Rule 1925(b) concise statement, thereby preventing the trial court from addressing them in its Rule 1925(a) opinion. (*See* trial court opinion, 8/21/15 at 12.) Notably, appellant's Rule 1925(b) statement made no mention of Woodson or any of the specific testimony he wished to challenge as inadmissible hearsay. Rather, appellant's Rule 1925(b) statement baldly stated that, "[appellant] must be awarded a new trial as the result of a pretrial ruling, by the Honorable Jeffrey P. Minehart, rendered on December 6, 2013, where the Court ruled that hearsay, which was inadmissible hearsay, would be admissible in the case, even though it violated the [C]onfrontation [C]lause." (Appellant's Statement of Matters Complained of Pursuant to Rule of Appellate Procedure 1925(b), 6/10/15 at 2, ¶3.)

It is well-settled that all issues raised in a Rule 1925(b) statement "must indicate, **with specificity**, the error to be addressed on appeal" or they will be deemed waived. *Commonwealth v. McCree*, 857 A.2d 188,

192 (Pa.Super. 2004), *affirmed*, 924 A.2d 621 (Pa. 2007) (citation omitted; emphasis added); *see also* Pa.R.A.P. 1925(b)(4)(ii) (stating, the "statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge."); *Commonwealth v. Hansley*, 24 A.3d 410, 415 (Pa.Super. 2011), *appeal denied*, 32 A.3d 1275 (Pa. 2011) (stating, "the Rule 1925(b) statement must be specific enough for the trial court to identify and address the issue an appellant wishes to raise on appeal." (internal quotation marks and brackets omitted)). "A [Rule 1925(b)] Statement which is too vague to allow the court to identify the issue raised on appeal is the functional equivalent of no Concise Statement at all." *McCree*, 857 A.2d at 192 (citation omitted). Accordingly, appellant's claims in this regard are waived on this basis as well.

Lastly, appellant argues that the trial court erred in ruling that if appellant chose to testify, the Commonwealth was permitted to cross-examine him about his involvement in the April 6, 2011 murder of Martin. (Appellant's brief at 18.) Upon review, we conclude that appellant has also waived this issue on appeal.

In the instant matter, the trial court conducted a colloquy of appellant at trial to determine whether he understood his right to testify or remain silent. During the course of this colloquy, appellant's counsel inquired, "I assume that if [appellant] took the stand in this case, and we did discuss

this, if he took the stand in this case, he could be cross-examined about Malik Martin[?]" (Notes of testimony, 2/9/15 at 11.) The trial court responded in the affirmative, concluding that evidence of Martin's murder was relevant to prove appellant's motive to kill Gresham, and was necessary to provide the jury with the complete history of the case:

> Because of the way this case worked out in that the two cases were separated, so that the charges which you face here before this jury are only for the murder of Rasul Gresham, this Court has decided that the Commonwealth can still enter all the evidence about the second murder because it is relevant to show motive and intent and to tell the full story of the case. It proves the motive for murder of Rasul Gresham and because of that, they can ask any questions that they need to ask to establish a motive in this case for the murder of Rasul Gresham.

*Id.* at 17-18. Thereafter, appellant informed the trial court that he understood his rights and was electing not to testify on his own behalf. (*Id.* at 19-20.)

Our review of the record reveals that at no point during the course of this colloquy did appellant's counsel object to or contest the trial court's ruling. Accordingly, appellant's claim is waived. *See*, *e.g.*, *Commonwealth v. Nunn*, 947 A.2d 756, 762 (Pa.Super. 2008), *appeal denied*, 960 A.2d 838 (Pa. 2008) (holding, *inter alia*, that a defendant waived his challenges to the scope of the Commonwealth's cross-examination by failing to properly object at trial); Pa.R.A.P. 302(a)

(stating an issue not raised in the trial court is considered waived for purposes of appellate review).

Based on the foregoing, we affirm the trial court's February 10, 2015 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/12/2016