J-S11016-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEPHEN MONTIER PINER | : | |
| | : | |
| Appellant | : | No. 597 WDA 2019 |

Appeal from the PCRA Order Entered March 15, 2019
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000140-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEPHEN PINER | : | |
| | : | |
| Appellant | : | No. 598 WDA 2019 |

Appeal from the PCRA Order Entered March 15, 2019
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000141-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEPHEN PINER | : | |
| | : | |
| Appellant | : | No. 599 WDA 2019 |

Appeal from the PCRA Order Entered March 15, 2019
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000143-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

:
v.                                              :
:
:
STEPHEN MONTIER PINER              :
:
Appellant          :          No. 600 WDA 2019

Appeal from the PCRA Order Entered March 15, 2019
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000144-2012

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
:              PENNSYLVANIA
:
v.                                              :
:
:
:
STEPHEN MONTIER PINER              :
:
Appellant          :          No. 601 WDA 2019

Appeal from the PCRA Order Entered March 15, 2019
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000146-2012

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
:              PENNSYLVANIA
:
v.                                              :
:
:
STEPHEN MONTIER PINER              :
:
Appellant          :          No. 602 WDA 2019

Appeal from the PCRA Order Entered March 15, 2019
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000148-2012

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
:              PENNSYLVANIA
:
v.                                              :
:
:

STEPHEN MONTIER PINER : 
 : 
Appellant : No. 603 WDA 2019

Appeal from the PCRA Order Entered March 15, 2019
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000149-2012

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
 : PENNSYLVANIA
 : 
 : 
v. : 
 : 
 : 
 : 
STEPHEN MONTIER PINER : 
 : 
Appellant : No. 604 WDA 2019

Appeal from the PCRA Order Entered March 15, 2019
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000150-2012

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
 : PENNSYLVANIA
 : 
 : 
v. : 
 : 
 : 
 : 
STEPHEN MONTIER PINER : 
 : 
Appellant : No. 605 WDA 2019

Appeal from the PCRA Order Entered March 15, 2019
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000151-2012

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
 : PENNSYLVANIA
 : 
 : 
v. : 
 : 
 : 
 : 
STEPHEN MONTIER PINER : 
 : 
Appellant : No. 606 WDA 2019

Appeal from the PCRA Order Entered March 15, 2019
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000153-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| STEPHEN MONTIER PINER | : | |
| | : | |
| Appellant | : | No. 607 WDA 2019 |

Appeal from the PCRA Order Entered March 15, 2019
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000159-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| STEPHEN PINER | : | |
| | : | |
| Appellant | : | No. 608 WDA 2019 |

Appeal from the PCRA Order Entered March 15, 2019
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000160-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| STEPHEN PINER | : | |
| | : | |
| Appellant | : | No. 609 WDA 2019 |

Appeal from the PCRA Order Entered March 15, 2019

In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000161-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| STEPHEN MONTIER PINER | : | |
| | : | |
| Appellant | : | No. 610 WDA 2019 |

Appeal from the PCRA Order Entered March 15, 2019
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000163-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| STEPHEN MONTIER PINER | : | |
| | : | |
| Appellant | : | No. 611 WDA 2019 |

Appeal from the PCRA Order Entered March 15, 2019
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001026-2012

BEFORE:  NICHOLS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                **FILED MAY 07, 2020**

Stephen Montier Piner (Appellant) appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In 2011, Appellant was charged at the above-captioned docket numbers relating to his involvement in a cocaine trafficking enterprise in Blair County,

Pennsylvania. The trial court scheduled these matters for a three-week trial beginning on February 9, 2015. On February 11, 2015, the third day of trial, Appellant pled guilty to 18 counts of possession with intent to deliver a controlled substance (PWID), 10 counts of criminal use of communication facility, and one count each of dealing in proceeds of unlawful activity, corrupt organizations, criminal conspiracy to commit corrupt organizations, and criminal conspiracy. The same day, the trial court sentenced Appellant to an aggregate term of 20 to 40 years of incarceration and imposed $112,000.00 in fines. The trial court also determined that Appellant was ineligible for a Risk Recidivism Reduction Incentive (RRRI) sentence.

On February 20, 2015, Appellant filed a post-sentence motion. On February 23, 2015, Appellant filed a motion to withdraw his guilty plea. On February 27, 2015, the trial court denied both motions. Appellant timely appealed to this Court.

Before this Court, Appellant argued that: (1) the trial court abused its discretion in denying his request to withdraw his guilty plea; (2) the trial court erred in determining he was not RRRI-eligible; and (3) the trial court erred in sentencing Appellant to pay excessive fines. *See Commonwealth v. Piner*, 540 WDA 2015, 2017 WL 3263790 at *2 (Pa. Super. Aug. 1, 2017) (unpublished memorandum). On August 1, 2017, this Court affirmed Appellant's convictions, but vacated the portion of his sentence that required

him to pay fines because the trial court did not hold an ability to pay hearing. *See id.* at \*6. Accordingly, this Court entered judgment. *Id.*

On August 9, 2017, Appellant filed a *pro se* PCRA petition. On September 18, 2017, the PCRA court appointed PCRA counsel. On October 10, 2017, Appellant's privately retained counsel entered his appearance, and the PCRA court dismissed Appellant's court-appointed counsel. On November 28, 2017, there was a status conference, and at the behest of the Commonwealth — but without further commentary of record — the PCRA court dismissed Appellant's PCRA petition as premature. On May 1, 2018, Appellant filed a second timely PCRA petition that raised, *inter alia*, various ineffective assistance of counsel claims against his trial counsel (Trial Counsel). On December 3, 2018, the PCRA court held an evidentiary hearing. On March 15, 2019, the PCRA court dismissed Appellant's petition.

On April 12, 2019, Appellant, no longer able to pay his privately retained counsel, filed a timely, *pro se* notice of appeal. On May 9, 2019, the PCRA court appointed counsel to represent Appellant on appeal.

Appellant presents the following issues for review:

1. Was [Appellant]'s trial counsel ineffective for advising the [Appellant] that he was eligible for the [RRRI] program?

2. Was [Appellant]'s trial counsel ineffective for failing to demonstrate that [Appellant] suffered from discrimination on the basis of his race, in that his similarly-situated white co-defendants either were charged with fewer or lesser offenses, or received substantially lower sentences for similar offenses?

3. Was [Appellant]'s trial counsel ineffective for failing to request a pre-sentence investigation?

Appellant's Brief at 2.

We review the denial of PCRA relief by "examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." ***Commonwealth v. Busanet***, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." ***Id.***

Each of Appellant's issues raise claims of ineffective assistance of counsel against Trial Counsel. With respect to ineffective assistance of counsel claims, our Supreme Court has stated:

> It is well-settled that counsel is presumed to have been effective and that the petitioner bears the burden of proving counsel's alleged ineffectiveness. ***Commonwealth v. Cooper***, 941 A.2d 655, 664 (Pa. 2007). To overcome this presumption, a petitioner must establish that: (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance, "that is, a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different." ***Id.*** A PCRA petitioner must address each of these prongs on appeal. ***See Commonwealth v. Natividad***, 938 A.2d 310, 322 (Pa. 2007) (explaining that "appellants continue to bear the burden of pleading and proving each of the . . . elements on appeal to this Court"). A petitioner's failure to satisfy any prong of this test is fatal to the claim. ***Cooper***, 941 A.2d at 664.

***Commonwealth v. Wholaver***, 177 A.3d 136, 144 (Pa. 2018) (citations modified).

In his first issue, Appellant argues that Trial Counsel was ineffective for advising him that he was RRRI-eligible when he was, in fact, not eligible for an RRRI sentence. This claim lacks arguable merit.

The record reflects that during Appellant's guilty plea, both the trial court and prosecutor informed Appellant that he was ineligible for an RRRI sentence. N.T., 2/11/15, at 38, 43. At Appellant's PCRA hearing, Trial Counsel testified that he argued during the guilty plea hearing for Appellant to be RRRI-eligible, but the Commonwealth would not waive Appellant's disqualifying offense. N.T., 12/3/18, at 45, 59-61; *see also* N.T., 2/11/15, at 39-40. Trial Counsel further testified that he informed Appellant that he was not RRRI-eligible, and he never told Appellant otherwise. N.T., 12/3/18, at 45. The PCRA court credited Trial Counsel's testimony regarding what he told Appellant relating to his RRRI eligibility. "[W]e are bound by the PCRA court's credibility determinations when they are supported by the record." *Commonwealth v. Williams*, 141 A.3d 440, 475 (Pa. 2016). Because the record supports the PCRA court's credibility determination, *see* N.T., 2/11/15, at 39-40, the PCRA court did not abuse its discretion in finding no merit to Appellant's first issue. *See Wholaver*, 177 A.3d at 144.

In his second issue, Appellant argues that Trial Counsel was ineffective for failing to argue before the trial court that Appellant's prosecution and sentencing were the result of racial bias. He asserts that other individuals who were Caucasian and involved in the drug enterprise that led to his

convictions received fewer charges and less severe sentences. This claim also lacks arguable merit.

Although not entirely clear from his appellate brief, Appellant appears to argue that Trial Counsel was ineffective for not raising a selective prosecution claim. This Court has explained:

> To establish selective prosecution, an appellant has the burden of satisfying the two-pronged test set forth by the Pennsylvania Supreme Court in **Commonwealth v. Mulholland**, [] 702 A.2d 1027 ([Pa.] 1997). An appellant must demonstrate "first, [that] others similarly situated were not prosecuted for similar conduct, and, second, the Commonwealth's discriminatory selection of [him] for prosecution was based on impermissible grounds such as race, religion, the exercise of some constitutional right, or any other such arbitrary classification." **Id.** at [] 1034.

**Commonwealth v. Olavage**, 894 A.2d 808, 811 (Pa. Super. 2006).

Appellant did not present any evidence at his PCRA hearing that established either element of selective prosecution. Appellant concedes this point in his appellate brief. **See** Appellant's Brief at 11 (referencing the "**implication** that racial bias played a significant factor in [Appellant's] case"). Moreover, Appellant presented no evidence at his PCRA hearing indicating that his sentence was more severe than that of the other individuals involved in the underlying drug enterprise. Thus, as Appellant failed to present any evidence to show that his prosecution and sentencing were the result of racial prejudice, he failed to plead and prove this ineffective assistance of counsel claim. Indeed, both Trial Counsel and the prosecutor testified at Appellant's PCRA hearing that there was no evidence reflecting that Trial Counsel should

have filed a motion asserting that Appellant's prosecution and sentencing were the result of racial bias. N.T., 12/3/18, at 54, 66. Therefore, the PCRA court did not abuse its discretion in denying this claim. ***See Wholaver***, 177 A.3d at 144.

In his third and final issue, Appellant argues that Trial Counsel was ineffective for failing to request a pre-sentence investigation (PSI) report. Appellant baldly asserts that a PSI would have given the trial court favorable information about him, which would have resulted in the trial court giving Appellant a more favorable sentence.

With respect to Appellant's claim that Trial Counsel was ineffective for failing to request a PSI report, we recognize that the trial court has discretion to dispense with a PSI report. ***See*** Pa.R.Crim.P. 702(A)(1) ("The sentencing judge may, in the judge's discretion, order a pre-sentence investigation report in any case."). We have previously explained, "[i]n the absence of a PSI, the court must conduct a pre-sentence inquiry such that it is apprised of the particular circumstances of the offense, not limited to those of record, as well as the defendant's history and background." ***Commonwealth v. Kelly***, 33 A.3d 638, 642 (Pa. Super. 2011).

Appellant's claim fails for two reasons. First, the transcript of Appellant's hearing indicates that even if Trial Counsel had requested a PSI report, the trial court would not have ordered one. N.T, 2/11/15, at 41 ("[Appellant], you'll waive your right to a pre-sentence investigation, and you understand I

wouldn't have accepted your plea unless sentence was to immediately follow."). Thus, we cannot fault Trial Counsel for failing to request a PSI when doing so would have been futile. Second, Appellant was not prejudiced by the lack of a PSI report. By virtue of Appellant's extensive guilty plea colloquy and the information the trial court received from the Commonwealth immediately prior to sentencing, the trial court was well-apprised of the "particular circumstances of the offense" and Appellant's "history and background." *See id.* at 7-36 (detailing the factual history underlying the charges and the pleas to each charge), 38-39 (addressing Appellant's criminal history, prior record score, and RRRI-ineligibility). Accordingly, we conclude that the PCRA court did not abuse its discretion in denying Appellant's final ineffective assistance of counsel claim. *See Wholaver*, 177 A.3d at 144.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/7/2020

- 12 -